# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No:** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| **JOHN EARLE SULLIVAN,** | : | **18 U.SC. §§ 231(a)(3), 2** |
| | : | **(Civil Disorders)** |
| **Defendant.** | : | |
| | : | **18 U.S.C. § 1752(a)** |
| | : | **(Restricted Building or Grounds)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)** |
| | : | **(Violent Entry or Disorderly Conduct)** |

## GOVERNMENT'S MOTION TO SEAL
## CRIMINAL COMPLAINT AND ARREST WARRANT

The United States of America respectfully moves for this Court to issue an Order directing that the Criminal Complaint, Affidavit in Support of Criminal Complaint, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal until further order of the Court. In support of its motion, the Government, which incorporates by reference the accompanying Affidavit of Special Agent Matthew B. Foulger of the Federal Bureau of Investigation (FBI), states as follows:

The United States is investigating allegations that John Earle Sullivan and others willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.SC. §§ 231(a)(3) & 2, 18 U.S.C. § 1752(a), and 40 U.S.C. § 5104(e)(2). The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including online videos posted by third parties, some of whom are also under investigation. Release of information about the ongoing investigation, including the nature and sources of the Government's evidence, therefore, could impede the integrity

2

of the ongoing investigation by, among other things, leading to the destruction of evidence, hindering the government's ability to locate and arrest the defendant, alerting individuals who are the subjects of the investigation of the existence and extent of the investigation, and alerting these same individuals of the particular methods being used by law enforcement to investigate their criminal activities. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id*. at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Criminal Complaint, Affidavit in Support of Criminal Complaint, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal until further order of the Court.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By:   **/s/ Amanda R. Vaughn**
Amanda R. Vaughn
Assistant United States Attorney
MD Bar
555 4th Street N.W.
Washington, DC 20530
202-252-1793
amanda.vaughn@usdoj.gov