AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of Columbia

United States of America
v.

JOHN EARLE SULLIVAN

*Defendant*

)
)
)
)
)

Case: 1:21-mj-00050
Assigned To : Meriweather, Robin M.
Assign. Date : 1/13/2021
Description: Complaint w/ Arrest Warrant

## ARREST WARRANT

To:     Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    John Sullivan                                          ,

who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment   ❑ Superseding Indictment   ❑ Information   ❑ Superseding Information   ☑ Complaint
❑ Probation Violation Petition   ❑ Supervised Release Violation Petition   ❑ Violation Notice   ❑ Order of the Court

This offense is briefly described as follows:
   Violations of 18 U.S.C. 1752(a), 18 U.S.C. §§ 231(a)(3) & 2 and 40 U.S.C. 5104(e)(2).

Date:  01/13/2021

                                              Robin M. Meriweather
                                              2021.01.13 18:24:23 -05'00'

                                              *Issuing officer's signature*

City and state:   Washington D.C.              Robin M. Meriweather,U.S. Magistrate Judge
                                              *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 01/13/2021 , and the person was arrested on *(date)* 01/14/2021 at *(city and state)* Salt Lake City, Utah . |

Date:  01/14/2021

                                              *Arresting officer's signature*

                                              Matthew Foulger, Special Agent FBI
                                              *Printed name and title*

DT_OBERG,RETAINED
Email All Attys
Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CRIMINAL DOCKET FOR CASE #: <u>2:21−mj−00014−DAO</u> All Defendants

---

Case title: USA v. Sullivan                    Date Filed: 01/13/2021

---

Assigned to: Magistrate Judge
Daphne A. Oberg

**<u>Defendant (1)</u>**

**John Earle Sullivan**                 represented by   **Jonathan T. Nish**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
801−323−5000
Email: <u>jonathan.nish@chrisjen.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mary C. Corporon**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
(801)323−5000
Email: <u>mary.corporon@chrisjen.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**<u>Pending Counts</u>**                          **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Opening)</u>**

None

**<u>Terminated Counts</u>**                        **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Terminated)</u>**

1

None

**Complaints**                                    **Disposition**

18:1752.P Restricted Building or
Grounds; 18:231 Civil Disorders;
40:5104 Violent Entry of
Disorderly Conduct

---

**Notice Party**

**Pretrial Noticing**                  represented by   **Pretrial Noticing**
                                                        Email: UTPml_PretrialNoticing@utp.uscourts.gov
                                                        PRO SE

---

**Plaintiff**

**USA**                                represented by   **Bryan N. Reeves**
                                                        US ATTORNEY'S OFFICE
                                                        111 S MAIN ST STE 1800
                                                        SALT LAKE CITY, UT 84111−2176
                                                        (801) 524−5682
                                                        Email: bryan.reeves@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/13/2021 | 1 | | Arrest (Rule 5) of John Earle Sullivan Warrant out of the USDC District of Columbia. Assigned to Magistrate Judge Daphne A. Oberg. (Attachments: # 1 Affidavit, # 2 Order, # 3 Warrant)(las) Modified on 1/20/2021 sealed attachment 1−3 due to personal identifying information(jwt). (Entered: 01/14/2021) |
| 01/14/2021 | 2 | | <span style="color:red">ORDER SETTING ZOOM HEARING as to John Earle Sullivan. Initial Appearance − Rule 5 set for 1/15/2021 at 04:00 PM in Judges Chambers before Magistrate Judge Daphne A. Oberg. Zoom information will be emailed to counsel and available on Judge Oberg's calendar the day before the hearing. Signed by Magistrate Judge Daphne A. Oberg on 1/14/2021.(las) (Entered: 01/14/2021)</span> |
| 01/14/2021 | | | Case unsealed as to John Earle Sullivan (las) (Entered: 01/14/2021) |
| 01/14/2021 | 3 | | NOTICE OF Unsealing Criminal Case as to John Earle Sullivan (las) (Entered: 01/14/2021) |
| 01/15/2021 | 4 | | **SEALED DOCUMENT** PRETRIAL SERVICES REPORT as to John Earle Sullivan (mec) (Entered: 01/15/2021) |
| 01/15/2021 | 5 | | Minute Entry for proceedings held before Magistrate Judge Daphne A. Oberg: Initial Appearance in Rule 5/5.1 Proceedings as to John Earle Sullivan held on |

| | | |
|---|---|---|
| | | 1/15/2021. Defendant present in custody and with counsel. All parties are appearing via zoom. Defendant waives his right to be personally present for this hearing. Defendant has retained counsel. Defendant waives an identity hearing. The government is seeking detention. The court finds that the government has failed to meet it's burden for a detention hearing and finds that the case does not qualify for a detention hearing under the Bail Reform Act. The court orders defendant released with a set of conditions. SEE ORDER SETTING CONDITIONS OF RELEASE. The government makes a motion to stay the release. The court denies the motion for the reasons stated on the record. Attorney for Plaintiff: Bryan Reeves, Amanda Vaughn, Attorney for Defendant: Mary Corporon, Jonathan Nish, Retained. Probation Officer: Jacob King. Court Reporter: Electronic−via Zoom.(Time Start: 4:00, Time End: 5:35, Room Chambers.) (las) (Entered: 01/15/2021) |
| 01/15/2021 | 6 | ORDER Setting Conditions of Release as to John Earle Sullivan. NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. Signed by Magistrate Judge Daphne A. Oberg on 1/15/2021.(las) (Entered: 01/15/2021) |
| 01/15/2021 | 7 | ORDER SETTING ZOOM HEARING as to John Earle Sullivan. Preliminary Hearing set for 2/1/2021 at 02:00 PM in Judges Chambers before Magistrate Judge Daphne A. Oberg. Defense counsel is to file a status report by January 27, 2021 indicating whether they intend to proceed with the hearing or if the hearing is not necessary. Zoom information will be emailed to counsel and available on Judge Oberg's calendar the day before the hearing. Signed by Magistrate Judge Daphne A. Oberg on 1/15/2021.(las) (Entered: 01/15/2021) |
| 01/15/2021 | 8 | RELEASE ORDER − Where the government failed to establish, as a threshold matter, that this case meets the preconditions in § 3142(f) for holding a detention hearing, the court must release Mr. Sullivan. Signed by Magistrate Judge Daphne A. Oberg on 1/15/2021.(las) (Entered: 01/15/2021) |
| 01/22/2021 | | Notice of Appearance. U.S. Probation and Pretrial Services hereby advises the Court that Josh Cahoon should be added to this case as to John Earle Sullivan (jdc) (Entered: 01/22/2021) |
| 01/22/2021 | 9 | Receipt for Surrender of Passport as to John Earle Sullivan. issued by U.S.A. re: 6 Order Setting Conditions of Release, (mh) (Entered: 01/22/2021) |
| 01/25/2021 | 10 | WAIVER of Rule 5(c)(3) Hearing by John Earle Sullivan (Corporon, Mary) (Entered: 01/25/2021) |
| 01/26/2021 | 11 | **ORDER VACATING Preliminary Hearing** set for February 1, 2021 at 2:00 pm before Judge Daphne A. Oberg as to John Earle Sullivan. Hearing is terminated based on defendants waiver 10 of his right to have the hearing in this district. Signed by Magistrate Judge Daphne A. Oberg on 1/26/2021.(las) (Entered: 01/26/2021) |
| 01/27/2021 | 12 | PETITION and ORDER for alleged violation of Pretrial Release. Issuance of: Summons as to John Earle Sullivan. Pretrial Release Violation/Preliminary Revocation Hearing set for 2/23/2021 at 09:00 AM before Magistrate Judge Daphne A. Oberg. Signed by Magistrate Judge Daphne A. Oberg on 1/27/21.(alf) (Entered: 01/28/2021) |

| 01/27/2021 | 13 | | **\*\*SEALED DOCUMENT\*\*** Summons Issued Electronically for Pretrial Release Violation hearing on 2/23/21 at 9:00 a.m. before Judge Daphne A. Oberg in case as to John Earle Sullivan (alf) (Entered: 01/28/2021) |
|---|---|---|---|
| 01/29/2021 | 15 | | ORDER SETTING ZOOM HEARING OR TRIAL as to John Earle Sullivan. Pretrial Release Violation Hearing reset for 2/1/2021 at 03:00 PM in Judges Chambers before Magistrate Judge Daphne A. Oberg. Zoom information will be emailed to counsel and available on Judge Oberg's calendar the day before the hearing. Signed by Magistrate Judge Daphne A. Oberg on 1/29/2021.(las) (Entered: 01/29/2021) |
| 02/01/2021 | 16 | | Minute Entry for proceedings held before Magistrate Judge Daphne A. Oberg: Status Conference as to John Earle Sullivan held on 2/1/2021. All parties are appearing via zoom. Defendant waives his right to be personally present for this hearing. The parties convened for the a pretrial release violation hearing. The court heard argument as to whether the allegations should be heard in the D.C. court as opposed to here. In light of the fact that Mr. Sullivan has his initial appearance set for February 4 in D.C. the court finds the pretrial violations should be addressed in D.C. If for some reason the hearing on the 4th does not take place the court will hold a violation hearing on February 8th 2021 at 4:00 pm. The petition will be addressed on the merits at that time. Attorney for Plaintiff: Bryan Reeves, Attorney for Defendant: Mary Corporon, Jonathan Nish, Retained. Probation Officer: Josh Cahoon. Court Reporter: Electronic−via Zoom.(Time Start: 3:00, Time End: 3:38, Room Chambers.) (las) (Entered: 02/01/2021) |

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | | |
|---|---|---|
| United States of America | ) | Case: 1:21−mj−00050 |
| v. | ) | Assigned To : Meriweather, Robin M. |
| | ) | Assign. Date : 1/13/2021 |
| JOHN EARLE SULLIVAN | ) | Description: Complaint w/ Arrest Warrant |
| ▮▮▮▮▮▮▮▮ | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the _____ District of _____ Columbia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a) | Restricted Building or Grounds |
| 18 U.S.C. §§ 231(a)(3) & 2 | Civil Disorders |
| 40 U.S.C. § 5104(e)(2) | Violent Entry or Disorderly Conduct |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Matthew Fouler, Special Agent FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone.

Date: _____ 01/13/2021 _____

Robin M. Meriweather
2021.01.13 17:59:46
-05'00'
_____
*Judge's signature*

City and state: _____ Washington, D.C. _____   Robin M. Meriweather, U.S. Magistrate Judge
_____
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | | Case: 1:21-mj-00050 |
| | | Assigned To : Meriweather, Robin M. |
| **UNITED STATES OF AMERICA** | : | Assign. Date : 1/13/2021 |
| | : | Description: Complaint w/ Arrest Warrant |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **JOHN EARLE SULLIVAN,** | : | **18 U.SC. §§ 231(a)(3), 2** |
| | : | **(Civil Disorders)** |
| **Defendant.** | : | |
| | : | **18 U.S.C. § 1752(a)** |
| | : | **(Restricted Building or Grounds)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)** |
| | : | **(Violent Entry or Disorderly Conduct)** |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## AND ARREST WARRANT

I, Matthew B. Foulger, being first duly sworn, hereby depose and state as follows:

## PURPOSE OF AFFIDAVIT

1.      This Affidavit is submitted in support of a Criminal Complaint charging JOHN

EARLE SULLIVAN (SULLIVAN) with violations of 18 U.S.C. §§ 231(a)(3) & 2, 18 U.S.C. §

1752(a), and 40 U.S.C. § 5104(e)(2).  I respectfully submit that this Affidavit establishes probable

cause to believe that SULLIVAN (1) committed or attempted to commit, any act to obstruct,

impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful

performance of his official duties incident to and during the commission of a civil disorder which

in any way or degree obstructs, delays, or adversely affects the performance of any federally

protected function; (2) did knowingly enter or remain in any restricted building or grounds without

lawful authority, or did knowingly, and with intent to impede or disrupt the orderly conduct of

Government business or official functions, engage in disorderly or disruptive conduct, and (3) did

willfully and knowingly engage in disorderly or disruptive conduct, at any place in the Grounds or

1

in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of any deliberations of either House of Congress. Specifically, on or about January 6, 2021, SULLIVAN knowingly and willfully joined a crowd of individuals who forcibly entered the U.S. Capitol and impeded, disrupted, and disturbed the orderly conduct of business by the United States House of Representatives and the United States Senate.

### BACKGROUND OF AFFIANT

2.      I am a Special Agent with the United States Department of Justice, Federal Bureau of Investigation (FBI), and have been employed in that capacity for nine years. I am currently assigned to the Salt Lake City Division of the FBI and have primary investigative responsibility for federal crimes related to national security and domestic terrorism. I gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state, and federal law enforcement agencies. I have been trained to investigate federal crimes and have investigated an array of complex federal crimes. I have training and experience in the use of cellular telephones during and in the furtherance of criminal activity. I also have training and experience in the searching of cellular telephones to ascertain evidence of criminal conduct that may be present on such devices. In these investigations, I have been involved in the application for and execution of numerous arrest and search warrants related to the aforementioned criminal offenses. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by violent criminal offenders.

3.      Unless otherwise stated, the information in this Affidavit is either personally known to me, has been provided to me by other individuals, or is based on a review of various documents,

records, and reports.  Because this Affidavit is submitted for the limited purpose of establishing

probable cause to support an application for an arrest warrant, it does not contain every fact known

by me or the United States.  The dates listed in this Affidavit should be read as "on or about" dates.

## BACKGROUND

4.      The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is

secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include

permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only

authorized people with appropriate identification are allowed access inside the U.S. Capitol.

5.      On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members of

the public.

6.      On January 6, 2021, a joint session of the United States Congress convened at the

United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint

session, elected members of the United States House of Representatives and the United States

Senate were meeting in separate chambers of the United States Capitol to certify the vote count of

the Electoral College of the 2020 Presidential Election, which had taken place on November 3,

2020. The joint session began at approximately 1:00 p.m.  Shortly thereafter, by approximately 1:30

p.m., the House and Senate adjourned to separate chambers to resolve a particular objection.  Vice

President Mike Pence was present and presiding, first in the joint session, and then in the Senate

chamber.

7.      As the proceedings continued in both the House and the Senate, and with Vice

President Mike Pence present and presiding over the Senate, a large crowd gathered outside the

U.S. Capitol. As noted above, temporary and permanent barricades were in place around the

exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep

3

the crowd away from the Capitol building and the proceedings underway inside. The crowd included many people who expressly objected to the conduct of the proceedings to certify the vote count of the Electoral College of the 2020 Presidential Election, and who expressly stated that their purpose was to stop or disrupt those proceedings.

8.      At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades, and past officers of the U.S. Capitol Police, including by engaging in assaultive and abusive conduct towards officers of the U.S. Capitol Police who lawfully attempting to block access to the U.S. Capitol. The crowd then advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks by U.S. Capitol Police Officers or other authorized security officials.

9.      At such time, the certification proceedings, specifically, the proceedings in the House and Senate to address the objection, were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

10.      Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, all proceedings of the United States Congress, including the joint session, were effectively suspended until shortly after 8:00 p.m. the same day. In light of the dangerous circumstances caused by the unlawful entry

to the U.S. Capitol, including the danger posed by individuals who had entered the U.S. Capitol without any security screening or weapons check, Congressional proceedings could not resume until after every unauthorized occupant had left the U.S. Capitol, and the building had been confirmed secured. The proceedings resumed at approximately 8:00 pm after the building had been secured. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

11.    SULLIVAN, DOB 07/18/1994, is a resident of Utah. Based on publicly available information and information provided by SULLIVAN in an interview on January 7, 2021, described further below, SULLIVAN is the leader of an organization called Insurgence USA through which he organizes protests. On July 13, 2020, SULLIVAN was charged with Rioting and Criminal Mischief by the local law enforcement authorities in Provo, Utah, based on his activities around a June 30, 2020, protest in which a civilian was shot and injured. The case is still pending.

12.    The United States obtained a video of SULLIVAN, posted on YouTube, in which, while attending a protest in Washington, D.C., SULLIVAN can be seen telling a crowd, over a microphone, "we about to burn this shit down," "we got to rip Trump out of office . . . fucking pull him out of that shit . . . we ain't waiting until the next election . . . we about to go get that motherfucker." SULLIVAN then can be seen leading the crowd in a chant of, "it's time for a revolution."[1]

### STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE

13.    On January 7, 2021, SULLIVAN participated in a voluntary interview with a Federal Bureau of Investigation Special Agent in Washington, D.C. SULLIVAN identified himself to the

---

[1] Your affiant understands that SULLIVAN's other conduct does not provide a basis for finding probable cause he committed the offenses alleged in this affidavit. I provide this information as background and as evidence of SULLIVAN's intent and modus operandi as would be admissible under Fed. R. Evid. 404(b).

agent and provided identifying information, including his date of birth, address, social media identifiers, and phone numbers. In the interview, SULLIVAN stated that he was in Washington, D.C. to attend and film the "Stop the Steal" March on January 6, 2021. SULLIVAN claimed to be an activist and journalist that filmed protests and riots, but admitted that he did not have any press credentials.

14.    SULLIVAN also stated that he was at the U.S. Capitol on January 6, 2021, when scores of individuals entered it. SULLIVAN stated he was wearing a ballistic vest and gas mask while there. He showed the interviewing agent the ballistic vest. He further stated that he entered the U.S. Capitol with others through a window that had been broken out. SULLIVAN stated he followed the crowd as the crowd pushed past U.S. Capitol Police and followed the crowd into the U.S. Capitol.

15.    SULLIVAN further stated that he had been present at the shooting of a woman within the U.S. Capitol by a U.S. Capitol Police officer and that he had filmed the incident. During the interview, SULLIVAN showed the interviewing agent the footage he had taken, which SULLIVAN stated he had uploaded to the Internet. The footage showed the area immediately outside of the Speaker's Lobby within the U.S. Capitol. I know from public source information that the Speaker's Lobby is the hallway from which one can enter directly into the chamber of the U.S. House of Representatives. The Speaker's Lobby is set off from the rest of the Capitol Building by doors with glass windows. The footage that SULLIVAN showed the interviewing agent included footage of individuals breaking out the glass from the windows in the doors leading into the Speaker's Lobby, then a gun being discharged by a U.S. Capitol Police officer within the Speaker's Lobby, and a woman falling back into the crowd from a position of climbing through the opening in one of the broken windows with a gunshot would. This woman was later identified as

Victim 1.

16.    SULLIVAN also voluntarily provided two phone numbers and multiple social media accounts and identifiers to special agents, including a YouTube account username, JaydenX.

17.    At the conclusion of the interview, SULLIVAN stated that he was willing to voluntarily provide a copy of all footage he recorded within the U.S. Capitol to law enforcement authorities.

18.    On January 9, 2021, a task force officer with the FBI made contact with SULLIVAN at one of the phone numbers SULLIVAN provided during his January 7 interview to follow up on SULLIVAN's offer to voluntarily provide his footage. SULLIVAN told the task force officer that the video he took within and around the U.S. Capitol on January 6, 2021, was in an iCloud account. The same day, SULLIVAN sent a link to law enforcement from a Google Photos account under the name "John Sullivan," with an approximately 50 minute video. I have reviewed the video.[2]

19.    The video footage records approaching, entering, and moving through the U.S. Capitol on January 6, 2021. Although the video rarely shows SULLIVAN, at various points during it, SULLIVAN narrates as he is moving and can be heard speaking to other individuals and law enforcement officers. I recognize SULLIVAN's voice in the video based on a January 11, 2021 voluntary interview I conducted with SULLIVAN at his residence, as described further below. In addition, at one point the camera pans to an individual wearing a tactical vest and holding a gas mask, as seen in the screenshots below, that match those SULLIVAN showed me during the interview conducted on January 11, 2021, also as further described in the paragraphs below:

---

[2] A portion of the video with all of the clips discussed in this affidavit is also publicly available on a YouTube channel attributed to "JaydenX" here: https://www.youtube.com/watch?v=PfiS8MsfSF4&bpctr=1610480291 (last visited on January 13, 2021).

7





20.    Among other things, the video SULLIVAN recorded and provided to law enforcement includes the following:

        a.    SULLIVAN filming at the front of a crowd as they push through police

barriers on the west side of the U.S. Capitol.  At the first moment the crowd breaks through, SULLIVAN can be heard saying, "they're going in."  The video follows the crowd as they move toward the Capitol Building where SULLIVAN captured additional scenes of individuals breaking through police barriers:



b.      After the crowd broke through the last barricade, and as SULLIVAN and the others approach the Capitol Building, SULLIVAN can be heard in the video saying at various points: "There are so many people. Let's go. This shit is ours! Fuck yeah," "We accomplished this shit. We did this together. Fuck yeah! We are all a part of this history," and "Let's burn this shit down."

c.      Later, SULLIVAN's video includes footage of individuals climbing a wall to reach a plaza just outside the Capitol Building entrance, as seen in the screenshot below.  As individuals are climbing the wall, SULLIVAN can be heard saying, "You guys are fucking savage.  Let's go!"

9



d.      At one point, SULLIVAN can be heard telling one of the individuals climbing the wall to give SULLIVAN his hand as individuals in the crowd are calling to help people up the wall.

e.      The video records SULLIVAN's entrance into the U.S. Capitol building through a broken window:



10

f.      SULLIVAN, once inside the Capitol Building, roamed the building with other individuals who unlawfully entered.  During one of his interactions with others, SULLIVAN can be heard in the video saying, "We gotta get this shit burned." At other times as he is walking through the Capitol, SULLIVAN can be heard saying, among other things, "it's our house motherfuckers" and "we are getting this shit."

g.      In addition, several times during the video, SULLIVAN encounters law enforcement officers who are trying to prevent further advancement through the building by those who entered unlawfully.  In at least two encounters, SULLIVAN can be heard on the video arguing with the officers, telling them to stand down so that they do not get hurt.  Among other things, SULLIVAN can be heard telling officers, "you are putting yourself in harm's way," "the people have spoken," and "there are too many people, you gotta stand down, the people out there that tried to do that shit, they got hurt, I saw it, I'm caring about you."

h.      At one point in the video, SULLIVAN enters an office within the U.S. Capitol, as seen in the screenshot below.  Once inside the office, SULLIVAN approaches a window, also seen in the screenshot below, and states, "We did this shit.  We took this shit."

11



i.      While at the window, a knocking noise is heard off-screen.  The camera then
pans to show more of the window and a broken pane can be seen that was not broken
on SULLIVAN's approach to the window:



SULLIVAN can then be heard saying, "I broke it.  My bad, my apologies.  Well
they already broke a window, so, you know, I didn't know I hit it that hard.  No one

12

got that on camera." SULLIVAN then exits the office.

j.      At another point in the video, SULLIVAN joins a crowd trying to open doors to another part of the U.S. Capitol which are guarded by law enforcement officers, as seen in the screenshot below. SULLIVAN can be heard on the video telling other individuals in the crowd, "there's officers at the door." Less than two minutes later, while officers are still at the doors and as others yell to break the glass windows in them with various objects, SULLIVAN can be heard saying, "Hey guys, I have a knife. I have a knife. Let me up." SULLIVAN does not, however, ever make it to the doors.



k.      Eventually, individuals in the crowd outside the doors announce that the officers are leaving and "giving us the building." As the crowd begins to part so the officers can leave, SULLIVAN can be heard saying, "Haul that motherfucker out this bitch."

l.      At another time in the video, SULLIVAN is walking down a hallway in the

13

U.S. Capitol with a large group of people. SULLIVAN pans to a closed door and can be heard saying, "Why don't we go in there." After someone hits against the door, SULLIVAN can be heard saying, "That's what I'm sayin', break that shit." Further down the hall, SULLIVAN can be heard saying, "It would be fire if someone had revolutionary music and shit."

m.      In the video, once SULLIVAN reaches the Speaker's Lobby, where Victim 1 was eventually shot, SULLIVAN can be heard telling one of the law enforcement officers guarding the doors, as seen in the screenshot below, "We want you to go home. I'm recording and there's so many people and they're going to push their way up here. Bro, I've seen people out there get hurt. I don't want to see you get hurt."



n.      Eventually, the law enforcement officers begin to exit and individuals within the crowd move toward the doors. As this is happening, SULLIVAN can be heard yelling after the officers, "I want you to go home," and then yelling, "Go! Go! Get

this shit!" SULLIVAN then films as others in the crowd try to break out the glass in the entryway door windows. Shortly thereafter, the video includes footage of Victim 1 getting shot as she tries to enter through the window opening.

21.    Subsequent to the events at the U.S. Capitol, SULLIVAN provided interviews to various news outlets including CNN and ABC's Good Morning America program. In the interviews, SULLIVAN described the scene inside the Capitol Building on January 6, 2021.

22.    On January 11, 2021, your affiant conducted a voluntary interview with SULLIVAN at SULLIVAN's residence. The interview was recorded. In the interview, SULLIVAN again confirmed that he was in the U.S. Capitol, but denied having a knife. He also showed me the ballistic vest and two gas masks he stated he had in Washington, D.C. Based on my review of the video described above, the ballistic vest and one of the gas masks that SULLIVAN showed during the interview on January 11, 2021, is the same seen in the video of SULLIVAN's activities at the U.S. Capitol on January 6, 2021.

23.    At various times in his statements to law enforcement, to others inside the U.S. Capitol that were recorded in his video, and to news outlets, SULLIVAN has claimed he was at the U.S. Capitol only to document and report. In addition, your affiant is aware that, at various times, SULLIVAN has claimed to be a journalist. He has admitted, however, that he has no press credentials and the investigation has not revealed any connection between SULLIVAN and any journalistic organizations.

## CONCLUSIONS OF AFFIANT

24.    Based on the foregoing, your affiant submits that there is probable cause to believe that SULLIVAN violated:

      a.    18 U.S.C. §§ 231(a)(3) & 2, which makes it a crime to commit or attempt to

commit, any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects the performance of any federally protected function;

b.      18 U.S.C. § 1752(a), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; (3) knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions, obstruct or impede ingress or egress to or from any restricted building or grounds; or (4) knowingly engage in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a restricted building includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance; and

c.      40 U.S.C. § 5104(e)(2)(D), which makes it a crime for an individual or group of individuals to willfully and knowingly (A) enter or remain on the floor of either House of Congress or in any cloakroom or lobby adjacent to that floor, in the

16

Rayburn Room of the House of Representatives, or in the Marble Room of the Senate, unless authorized to do so pursuant to rules adopted, or an authorization given, by that House; (B) enter or remain in the gallery of either House of Congress in violation of rules governing admission to the gallery adopted by that House or pursuant to an authorization given by that House; (C) with the intent to disrupt the orderly conduct of official business, enter or remain in a room in any of the Capitol Buildings set aside or designated for the use of— (i) either House of Congress or a Member, committee, officer, or employee of Congress, or either House of Congress; or (ii) the Library of Congress; (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings; or (G) parade, demonstrate, or picket in any of the Capitol Buildings; and

25.     As such, I respectfully request that the court issue an arrest warrant for SULLIVAN.

The statements above are true and accurate to the best of my knowledge and belief.


_____
SPECIAL AGENT MATTHEW B. FOULGER
FEDERAL BUREAU OF INVESTIGATION


17

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 13th day of January, 2021.

Robin M. Meriweather
2021.01.13 17:59:07
-05'00'

HON. ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

18

23

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

Case: 1:21-mj-00050
Assigned To : Meriweather, Robin M.
Assign. Date : 1/13/2021
Description: Complaint w/ Arrest Warrant

**UNITED STATES OF AMERICA**           :
                                       :
v.                                     :     **VIOLATIONS:**
                                       :
**JOHN EARLE SULLIVAN,**               :     **18 U.SC. §§ 231(a)(3), 2**
                                       :     **(Civil Disorders)**
**Defendant.**                         :
                                       :     **18 U.S.C. § 1752(a)**
                                       :     **(Restricted Building or Grounds)**
                                       :
                                       :     **40 U.S.C. § 5104(e)(2)**
                                       :     **(Violent Entry or Disorderly Conduct)**

## ORDER

Upon consideration of the Government's Motion to Seal the Criminal Complaint and Arrest Warrant, concerning the above-defendant, it is hereby

**ORDERED** that the Motion is **GRANTED**, and that the Criminal Complaint, the Affidavit of the United States for the Criminal Complaint, Arrest Warrant, and the Government's Motion to Seal, and this corresponding Order be sealed until further order of this Court; and

**ORDERED** that notwithstanding the sealing, the government may disclose the criminal complaint and arrest warrant in furtherance of its law enforcement and prosecution needs and discovery obligations;

**ORDERED** that upon execution of the arrest warrant in this case, the charging documents shall be unsealed.

Date: January 13, 2021

Robin M. Meriweather
2021.01.13 17:58:45
-05'00'

HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

5

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America<br>v. | ) )<br>) ) Case No. 21-mj-50<br>)<br>JOHN EARLE SULLIVAN )<br>*Defendant* |

## ARREST WARRANT

To:    Any authorized law enforcement officer

      **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    John Sullivan ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:
    Violations of 18 U.S.C. 1752(a), 18 U.S.C. §§ 231(a)(3) & 2 and 40 U.S.C. 5104(e)(2).

Date:  01/13/2021

Robin M. Meriweather
2021.01.13 18:24:23 -05'00'

*Issuing officer's signature*

City and state:  Washington D.C.

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____<br>at *(city and state)* _____ . |

Date: _____

*Arresting officer's signature*

*Printed name and title*

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

Case: 1:21-mj-00050
Assigned To : Meriweather, Robin M.
Assign. Date : 1/13/2021
Description: Complaint w/ Arrest Warrant

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **VIOLATIONS:** |
| v. | : | |
| | : | **18 U.SC. §§ 231(a)(3), 2** |
| **JOHN EARLE SULLIVAN,** | : | **(Civil Disorders)** |
| | : | |
| **Defendant.** | : | **18 U.S.C. § 1752(a)** |
| | : | **(Restricted Building or Grounds)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)** |
| | : | **(Violent Entry or Disorderly Conduct)** |

## ORDER

Upon consideration of the Government's Motion to Seal the Criminal Complaint and Arrest Warrant, concerning the above-defendant, it is hereby

**ORDERED** that the Motion is **GRANTED**, and that the Criminal Complaint, the Affidavit of the United States for the Criminal Complaint, Arrest Warrant, and the Government's Motion to Seal, and this corresponding Order be sealed until further order of this Court; and

**ORDERED** that notwithstanding the sealing, the government may disclose the criminal complaint and arrest warrant in furtherance of its law enforcement and prosecution needs and discovery obligations;

**ORDERED** that upon execution of the arrest warrant in this case, the charging documents shall be unsealed.

Date: January 13, 2021

Robin M. Meriweather
2021.01.13 17:58:45
-05'00'

HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

5

31

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Mary C. Corporon (mary.corporon@chrisjen.com,
michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com), Jonathan T. Nish
(jessica.parker@chrisjen.com, jonathan.nish@chrisjen.com, stephanie.smith@chrisjen.com),
Bryan N. Reeves (bryan.reeves@usdoj.gov, caseview.ecf@usdoj.gov, kirby.herron@usdoj.gov),
Magistrate Judge Daphne A. Oberg (daphne_oberg@utd.uscourts.gov,
emily_howe@utd.uscourts.gov, mary_dewey@utd.uscourts.gov, utdecf_oberg@utd.uscourts.gov)
--Non Case Participants: Probation Office - Pretrial (utp_ecfnotice@utp.uscourts.gov,
utpml_pts_ecf@utp.uscourts.gov), US Marshals Office - Criminal Desk
(slcusm.cellblock@usdoj.gov)
--No Notice Sent:

Message-Id:4697409@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00014-DAO USA v. Sullivan Initial Appearance - Rule 5/5.1
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524−6100.**

#### US District Court Electronic Case Filing System

#### District of Utah

### Notice of Electronic Filing

The following transaction was entered on 1/15/2021 at 6:12 PM MST and filed on 1/15/2021

| | |
|---|---|
| **Case Name:** | USA v. Sullivan |
| **Case Number:** | <u>2:21−mj−00014−DAO</u> |
| **Filer:** | |
| **Document Number:** | 5(No document attached) |

**Docket Text:**
 **Minute Entry for proceedings held before Magistrate Judge Daphne A. Oberg: Initial Appearance in Rule 5/5.1 Proceedings as to John Earle Sullivan held on 1/15/2021. Defendant present in custody and with counsel. All parties are appearing via zoom. Defendant waives his right to be personally present for this hearing. Defendant has retained counsel. Defendant waives an identity hearing. The government is seeking detention. The court finds that the government has failed to meet it's burden for a detention hearing and finds that the case does not qualify for a detention hearing under the Bail Reform Act. The court orders defendant released with a set of conditions. SEE ORDER SETTING CONDITIONS OF RELEASE. The government makes a motion to stay the release. The court denies the motion for the reasons stated on the record. Attorney for Plaintiff: Bryan Reeves, Amanda Vaughn, Attorney for Defendant: Mary Corporon, Jonathan Nish, Retained. Probation Officer: Jacob King. Court Reporter: Electronic−via Zoom.(Time Start: 4:00, Time End: 5:35, Room Chambers.) (las)**

**2:21−mj−00014−DAO−1 Notice has been electronically mailed to:**

Mary C. Corporon    mary.corporon@chrisjen.com, michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com

Jonathan T. Nish     jonathan.nish@chrisjen.com, jessica.parker@chrisjen.com, stephanie.smith@chrisjen.com

Bryan N. Reeves     bryan.reeves@usdoj.gov, CaseView.ECF@usdoj.gov, kirby.herron@usdoj.gov

**2:21−mj−00014−DAO−1 Notice has been delivered by other means to:**

# United States District Court

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER SETTING** |
| **V.** | **CONDITIONS OF RELEASE** |
| **John Earle Sullivan** | |
| | Case Number: **2:21mj14-DAO** |

IT IS SO ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not commit any offense in violation of federal, state or local or tribal law while on release in this case.

(2) The defendant must immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant must appear in court as required and must surrender for service of any sentence imposed.

| The defendant must next appear at (if blank, to be notified) | | USDC District of Columbia |
|---|---|---|
| | | PLACE |
| Enter text. | on | January 22, 2021 at 1:30 pm |
| | | DATE AND TIME |

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear in court as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

| Enter text. | dollars | ($) Enter text. |
|---|---|---|

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(6) The defendant must:

☒ (a)  maintain or actively seek verifiable employment and/or maintain or commence an educational program as approved by the pretrial officer. Must find new employment. Can no longer work for Insurgence USA.

☒ (b)  abide by the following restrictions on his/her personal associations, place of abode, or travel:
  ☒ (i) maintain residence and do not change without prior permission from the pretrial officer.
  ☒ (ii) not travel outside the state of Utah without prior permission from the pretrial officer.
  ☒ (iii) not travel outside the United States without prior permission from the Court.

☐ (c)  maintain residence at a halfway house or community correction center.

☒ (d)  avoid all contact with those named persons, who are considered either alleged victims, potential witnesses and/or codefendants.

☒ (e)  report on a regular basis to the pretrial officer as directed.

☒ (f)  not possess a firearm, ammunition, destructive device, or other dangerous weapon.

☐ (g)  ☐ not use alcohol, ☐ not use alcohol to excess, ☐ not frequent establishments where alcohol is the main item of order.

☒ (h)  not use or unlawfully possess a narcotic drug and other controlled substances defined in 21 U.S.C.§ 802 unless prescribed by a licensed medical practitioner.  Prescriptions should be reported to the pretrial officer.

☐ (i)  submit to drug/alcohol testing as directed by the pretrial officer; defendant shall pay all or part of the cost of the drug testing:
  ☐ (1) if testing reveals illegal drug use, the defendant must participate in drug and/or alcohol abuse treatment, if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
  ☐ (2) if testing reveals illegal drug use, the court will be notified immediately, with further action to be determined.

☐ (j)  you must submit to Remote Alcohol Testing and abide by all of the program requirements for a period of * days. You must pay all or part of the costs of participation in the program as directed by the pretrial officer.

☐ (k)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☒ (l)  undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☒ (m)  surrender any passport to the United States Clerk of the Court, District of Utah by January 22, 2021.

☒ (n)  not obtain or apply for passport.

☐ (o)  not incur new credit charges or open additional lines of credit without prior permission from the pretrial officer.

☐ (p)  not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others.

☐ (q)  not view, access or possess any sexually explicit materials.

☐ (r)  not have contact with those individuals under 18 years of age without adult supervision except as approved by the pretrial officer.

☒ (s)  participate in one of the following location restriction program components and abide by its requirements as the pretrial officer instructs:
  ☐ (i) Curfew.  You are restricted to your residence every day (Enter) from Enter  to Enter or  ☐ as directed by the pretrial officer; or
  ☒ (ii) Home Detention.  You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities preapproved by the pretrial officer; or
  ☐ (iii) Home Incarceration.  You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
  ☐ (iv) Inclusion Zone.  You are required to be at the following location(s) at the following time(s):  Enter text.
  ☐ (v) Exclusion Zone.  You are restricted from the following area(s):  Enter text.

☐ (t) be monitored by the form of location monitoring indicated below, and abide by all technology and program requirements.  The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and the pretrial services officer.  No overnight travel without court approval.
    ☐ (i)  Radio Frequency (RF) Monitoring;
    ☐ (ii)  Global Positioning Satellite (GPS) Monitoring;
    ☐ (iii)  Voice Recognition Monitoring: Requires analog phone service at approved residence at participant's expense;
    ☐ (iv)  Virtual Monitoring Application: Requires smartphone with location services and push notification features enabled at participant's expense.

☒ (u) be monitored by the form of location monitoring technology, at the discretion of the pretrial services officer, and abide by all technology and program requirements.  The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and the pretrial services officer.  Due to the ongoing pandemic, the location monitoring equipment shall be installed no more than 14 days after release or sooner if reasonably practicable. Prior to installation, the person under supervision will be monitored by the U.S. Probation Office through telephone contact, virtual means (i.e., Zoom, FaceTime, Google Duo, SmartLink), and socially distant in-person meetings if necessary.

☒ (v) submit  person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that the premises may be subject to searches pursuant to this condition.

☒ (w) participate in the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program under a ☒ co-payment plan or ☐ non-co-payment plan, and will comply with the provisions outlined in:
    ☒ (i)  Appendix A - Limited Internet Access (Computer and internet use, as approved);
    ☐ (ii)  Appendix B - Restricted Internet Access (Computer access only, as approved);
    ☐ (iii)  Appendix C - Restricted Computer Access (No computer or internet access except for approved employment).

All computers, internet accessible devices, media storage devices, and digital media accessible to the defendant are subject to manual inspection/search, configuration, and the installation of monitoring software and/or hardware.

The defendant must submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that all computers, internet accessible devices, media storage devices, and digital media may be subject to searches pursuant to this condition.

☐ (x) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property.

☐ (y) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:

☐ (z) execute a bail bond with solvent sureties in the amount of $ Enter text.

☐ (aa) be placed in the custody of a third party, who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Name of person or organization
Address
City and state       (Tel no.)

Signed:_____
Custodian or Proxy

☐ (7) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☐ (8) Attend Pretrial Pathways Program as directed by Pretrial Services.

☐ (9) Additional conditions: Enter text.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor.  This sentence will be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation.  It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender must be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
City and State

## Directions to the United States Marshal

☒    The defendant is ORDERED released January 15, 2021 and report to the USMS on Tuesday, January 19, 2021 at 10:00 am for processing.

☐    The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release.  The defendant must be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: January 15, 2021

_____
Signature of Judicial Officer

_____
Magistrate Judge Daphne A. Oberg
Name and Title of Judicial Officer

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Mary C. Corporon (mary.corporon@chrisjen.com,
michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com), Jonathan T. Nish
(jessica.parker@chrisjen.com, jonathan.nish@chrisjen.com, stephanie.smith@chrisjen.com),
Bryan N. Reeves (bryan.reeves@usdoj.gov, caseview.ecf@usdoj.gov, kirby.herron@usdoj.gov),
Magistrate Judge Daphne A. Oberg (daphne_oberg@utd.uscourts.gov,
emily_howe@utd.uscourts.gov, mary_dewey@utd.uscourts.gov, utdecf_oberg@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4697417@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00014-DAO USA v. Sullivan Order Setting Hearing or Trial
```
Content−Type: text/html

**If you need assistance, call the Help Desk at (801)524−6100.**

## US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 1/15/2021 at 6:19 PM MST and filed on 1/15/2021

| | |
|---|---|
| **Case Name:** | USA v. Sullivan |
| **Case Number:** | <u>2:21−mj−00014−DAO</u> |
| **Filer:** | |
| **Document Number:** | 7(No document attached) |

**Docket Text:**
 **ORDER SETTING ZOOM HEARING as to John Earle Sullivan. Preliminary Hearing set for 2/1/2021 at 02:00 PM in Judges Chambers before Magistrate Judge Daphne A. Oberg. Defense counsel is to file a status report by January 27, 2021 indicating whether they intend to proceed with the hearing or if the hearing is not necessary. Zoom information will be emailed to counsel and available on Judge Oberg's calendar the day before the hearing. Signed by Magistrate Judge Daphne A. Oberg on 1/15/2021.(las)**


**2:21−mj−00014−DAO−1 Notice has been electronically mailed to:**

Mary C. Corporon     mary.corporon@chrisjen.com, michelle.yeates@chrisjen.com,
tina.newbold@chrisjen.com

Jonathan T. Nish    jonathan.nish@chrisjen.com, jessica.parker@chrisjen.com,
stephanie.smith@chrisjen.com

Bryan N. Reeves    bryan.reeves@usdoj.gov, CaseView.ECF@usdoj.gov, kirby.herron@usdoj.gov

**2:21−mj−00014−DAO−1 Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| United States,<br><br>               Plaintiff,<br><br>v.<br><br>John Earle Sullivan,<br><br>               Defendant. | **RELEASE ORDER**<br><br><br>Case No. 2:21mj14-DAO<br><br>Magistrate Judge Daphne A. Oberg |

The court orders John Earle Sullivan's release in this case, based on a finding that the government did not establish a basis to hold a detention hearing.  Mr. Sullivan made his initial appearance at a transfer hearing, conducted pursuant to Rule 5 of the Federal Rules of Criminal Procedure.  Mr. Sullivan has been charged with federal offenses in Washington, D.C., and the Rule 5 hearing was held for purposes of transferring him there.  At this hearing, the government made a verbal motion for detention and asked the court to continue Mr. Sullivan's detention hearing for three days, pursuant to 18 U.S.C. § 3142(f)(2).  However, in this case, the government simply did not meet its burden of establishing any basis for a detention hearing.  Because the court finds the threshold conditions under § 3142(f) have not been met, it cannot hold a detention hearing and, thus, cannot detain the defendant.  Where the court cannot even hold a detention hearing, it certainly cannot delay such hearing on the government's motion— detaining the defendant all the while.

## LEGAL STANDARDS

The court can only hold a detention hearing (hence, can only detain a defendant), in cases which qualify for such a hearing under the Bail Reform Act, 18 U.S.C. §§ 3141–3150.  These cases are delineated in § 3142(f).  As noted by the Third Circuit, in *United States v. Himler*, the § 3142(f) "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." 797 F.2d 156, 160 (3d Cir. 1986). "Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists." *United States v. Ploof*, 851 F.2d 7, 10 –11 (1st Cir. 1988).  In other words, this is a "two-part inquiry." *United States v. Gerkin*, 570 F. App'x 819, 820 (10th Cir. 2014) (unpublished).  "At the first step, the judicial officer must decide whether there is any basis to hold a detention hearing." *Id.* at 821. Only if the "government establishes a basis for a detention hearing," does the court move to the second step, where the government must show "'no condition or combination of conditions' that 'will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Id.* (quoting § 3142(f)).

## ANALYSIS

In this case, the government did not establish a basis for the detention hearing.  When asked at the hearing on what statutory grounds the case qualified for a detention hearing, the government first began to argue dangerousness to the community—a factor the court cannot even consider unless it first finds the case qualifies for a detention hearing.  The government then indicated the case qualified under § 3142(f)(2)(B).  Under this provision, a case qualifies for a detention hearing if the government establishes "a serious risk that such person will obstruct or

2

attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." *Id.* This is a forward-looking inquiry, requiring a showing of a serious risk the defendant will obstruct justice in the future. Although the standard of proof under this section is not well-developed, some courts have determined that where the government seeks detention under this section, it must sustain its burden of proof by "clear and convincing evidence." *See United States v. Jones*, No. 99-1682, <u>1999 U.S. App. LEXIS 19916, *8</u> (1st Cir. Aug. 9, 1999) (unpublished); *United States v. Dodge*, <u>846 F. Supp. 181, 185</u> (D. Conn. 1994).

Obstruction of justice contemplates interference in the administration of justice. For instance, a common federal criminal statute prohibiting obstruction of justice requires proof that a person endeavored to influence a juror or officer of the court in the discharge of her duties through threats or force—or endeavored to influence the due administration of justice. <u>18 U.S.C. § 1503</u>. Although the government obviously need not make any statutory showing of obstruction, this overall concept of obstruction is instructive.

In this case, the government made no attempt to argue there was a serious risk Mr. Sullivan would threaten, injure, or intimidate a prospective witness or juror—or attempt to do any of these things. Instead, the government focused on the risk of obstruction. In support of its claim, the government pointed to Mr. Sullivan's alleged behavior at a riot in Utah, wherein he allegedly threatened to harm another person, while kicking her car door, and incited others to block public roadways. Mr. Sullivan was charged for participating in this riot in the state system in Utah in July 2020; these events are not charged in the federal case. The government claimed Mr. Sullivan's attempt to obstruct justice could be shown by the fact that he appeared at his

3

hearing in this Utah state case via internet video conference, while he was in Washington, D.C., the day before the conduct alleged in this federal case.  The government argued this act showed "reckless disregard for the courts."  The government also argued Mr. Sullivan incited others to resist police officers' orders to disperse in an entirely separate, unrelated, incident in Oregon.  The government offered no date for this Oregon event, only asserting that it occurred "while he was facing" the riot-related charges in Utah.  The government indicated it was still attempting to obtain footage related to this alleged event.

The government's proffer simply fails to establish a *serious risk* Mr. Sullivan will obstruct justice or attempt to obstruct justice in the future.  The fact that Mr. Sullivan allegedly appeared in a Utah state court proceeding via internet video conference—while in Washington, D.C., just before becoming involved in the federal offense alleged—does not stand as evidence of an attempt or willingness to obstruct justice.  As Mr. Sullivan's counsel pointed out, all recent hearings in the state court system in Utah have been held via internet video conference, due to the coronavirus pandemic.  The allegation that Mr. Sullivan might have incited others to resist police officers in a separate Oregon event adds little to inquiry.  These allegations are insufficient to meet the government's burden of establishing § 3142(f)(2)(B) applies in this case, even by a preponderance of the evidence, let alone by clear and convincing evidence.  And this was the only proffer made in support of this threshold question.

After the court declined to continue the detention hearing on the grounds that the government failed to first establish the case even qualified for a detention hearing, the government asked the court to delay its threshold determination, but to detain Mr. Sullivan during this delay.  The court invited the government to provide any legal authority allowing the

temporary detention of a defendant when the threshold for holding a detention hearing has not been met.  The government declined to do so.  The government also asked the court to stay its release order.  The court declined to do so, finding that where the government failed to even meet the threshold for a detention hearing, it could not detain Mr. Sullivan pending the government's appeal.

## CONCLUSION

Where the government failed to establish, as a threshold matter, that this case meets the preconditions in § 3142(f) for holding a detention hearing, the court must release Mr. Sullivan. The release conditions can be found in a separate order.  As stated at the hearing, the government is invited to file a detention motion in an attempt to meet its burden to establish the threshold for a detention hearing.  In addition, defense counsel is invited to file any motion to amend conditions of release, if needed.

DATED this 15th day of January, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

5

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Mary C. Corporon (mary.corporon@chrisjen.com,
michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com), Bryan N. Reeves
(bryan.reeves@usdoj.gov, caseview.ecf@usdoj.gov, kirby.herron@usdoj.gov), Jonathan T. Nish
(jessica.parker@chrisjen.com, jonathan.nish@chrisjen.com, stephanie.smith@chrisjen.com),
Magistrate Judge Daphne A. Oberg (daphne_oberg@utd.uscourts.gov,
emily_howe@utd.uscourts.gov, mary_dewey@utd.uscourts.gov, utdecf_oberg@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4701882@utd.uscourts.gov
```
Subject:Activity in Case 2:21-mj-00014-DAO USA v. Sullivan Notice of Appearance/Withdrawal
(Prob)
Content−Type: text/html

**If you need assistance, call the Help Desk at (801)524−6100.**

## US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 1/22/2021 at 1:04 PM MST and filed on 1/22/2021

| | |
|---|---|
| **Case Name:** | USA v. Sullivan |
| **Case Number:** | 2:21−mj−00014−DAO |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Notice of Appearance. U.S. Probation and Pretrial Services hereby advises the Court that**
**Josh Cahoon should be added to this case as to John Earle Sullivan (jdc)**

**2:21−mj−00014−DAO−1 Notice has been electronically mailed to:**

Bryan N. Reeves &nbsp &nbsp bryan.reeves@usdoj.gov, CaseView.ECF@usdoj.gov,
kirby.herron@usdoj.gov

Jonathan T. Nish &nbsp &nbsp jonathan.nish@chrisjen.com, jessica.parker@chrisjen.com,
stephanie.smith@chrisjen.com

Mary C. Corporon &nbsp &nbsp mary.corporon@chrisjen.com, michelle.yeates@chrisjen.com,
tina.newbold@chrisjen.com

**2:21−mj−00014−DAO−1 Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Mary C. Corporon (mary.corporon@chrisjen.com,
michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com), Jonathan T. Nish
(jessica.parker@chrisjen.com, jonathan.nish@chrisjen.com, stephanie.smith@chrisjen.com),
Bryan N. Reeves (bryan.reeves@usdoj.gov, caseview.ecf@usdoj.gov, kirby.herron@usdoj.gov),
Magistrate Judge Daphne A. Oberg (daphne_oberg@utd.uscourts.gov,
emily_howe@utd.uscourts.gov, mary_dewey@utd.uscourts.gov, utdecf_oberg@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4702154@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00014-DAO USA v. Sullivan Receipt for Passport
```
Content−Type: text/html

**If you need assistance, call the Help Desk at (801)524−6100.**

### US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 1/22/2021 at 2:34 PM MST and filed on 1/22/2021

| | |
|---|---|
| **Case Name:** | USA v. Sullivan |
| **Case Number:** | 2:21−mj−00014−DAO |
| **Filer:** | |
| **Document Number:** | 9(No document attached) |

**Docket Text:**
 **Receipt for Surrender of Passport as to John Earle Sullivan. issued by U.S.A. re: [6] Order Setting Conditions of Release, (mh)**

**2:21−mj−00014−DAO−1 Notice has been electronically mailed to:**

Mary C. Corporon     mary.corporon@chrisjen.com, michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com

Jonathan T. Nish     jonathan.nish@chrisjen.com, jessica.parker@chrisjen.com, stephanie.smith@chrisjen.com

Bryan N. Reeves     bryan.reeves@usdoj.gov, CaseView.ECF@usdoj.gov, kirby.herron@usdoj.gov

**2:21−mj−00014−DAO−1 Notice has been delivered by other means to:**

MARY C. CORPORON #734
Attorney at Law
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Facsimile: (801) 355-3472
mary.corporon@chrisjen.com

Attorneys for Defendant

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN EARLE SULLIVAN,<br><br>　　　　Defendant. | WAIVER OF RULE 5 AND 5.1 HEARINGS<br>(COMPLAINT OR INDICTMENT)<br><br>Case No. 2:21-mj-00014-DAO-1<br><br>Magistrate Judge Daphne Oberg |

I have been informed of the charges and of my rights to:

(1)　　retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)　　an identity hearing to determine whether I am the person named in the charges;

(3)　　production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)　　a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand;

(5)　　a hearing on any motion by the government for detention;

(6)　　request a transfer of the proceedings to this district under Fed. R. Crim P. 20, to plead guilty.

I agree to waiver my right(s) to:

____    an identity hearing and production of the warrant.

____    a preliminary hearing.

____    a detention hearing.

_X_    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary hearing to which I may be entitled in this district.  I request that my _X_ preliminary hearing and/or any further hearing on the issue of my detention  (as I have been released pretrial) be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

DATE:_1/25/2020_____          _____
                                                                        JOHN EARLE SULLIVAN
                                                                        Defendant


DATE: _January 25, 2021_____          _/s/ Mary C. Corporon_____
                                                                        Mary C. Corporon
                                                                        Attorney for Defendant

47

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Mary C. Corporon (mary.corporon@chrisjen.com,
michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com), Bryan N. Reeves
(bryan.reeves@usdoj.gov, caseview.ecf@usdoj.gov, kirby.herron@usdoj.gov), Jonathan T. Nish
(jessica.parker@chrisjen.com, jonathan.nish@chrisjen.com, stephanie.smith@chrisjen.com),
Pretrial Noticing (utpml_pretrialnoticing@utp.uscourts.gov), Magistrate Judge Daphne A.
Oberg (daphne_oberg@utd.uscourts.gov, emily_howe@utd.uscourts.gov,
mary_dewey@utd.uscourts.gov, utdecf_oberg@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4704456@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00014-DAO USA v. Sullivan Order Vacating Hearing or Trial
```
Content−Type: text/html

**If you need assistance, call the Help Desk at (801)524−6100.**

## US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 1/26/2021 at 12:04 PM MST and filed on 1/26/2021

| | |
|---|---|
| **Case Name:** | USA v. Sullivan |
| **Case Number:** | 2:21−mj−00014−DAO |
| **Filer:** | |
| **Document Number:** | 11(No document attached) |

**Docket Text:**
 **ORDER VACATING Preliminary Hearing set for February 1, 2021 at 2:00 pm before Judge Daphne A. Oberg as to John Earle Sullivan. Hearing is terminated based on defendants waiver [10] of his right to have the hearing in this district. Signed by Magistrate Judge Daphne A. Oberg on 1/26/2021.(las)**

**2:21−mj−00014−DAO−1 Notice has been electronically mailed to:**

Mary C. Corporon     mary.corporon@chrisjen.com, michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com

Jonathan T. Nish     jonathan.nish@chrisjen.com, jessica.parker@chrisjen.com, stephanie.smith@chrisjen.com

Bryan N. Reeves     bryan.reeves@usdoj.gov, CaseView.ECF@usdoj.gov, kirby.herron@usdoj.gov

Pretrial Noticing     UTPml_PretrialNoticing@utp.uscourts.gov

**2:21−mj−00014−DAO−1 Notice has been delivered by other means to:**

PS8 - D/UT 02/19

2021 JAN 27
CLERK
U.S. DISTRICT COURT

# UNITED STATES PROBATION OFFICE
## FOR THE DISTRICT OF UTAH

## Petition and Order for Action on Conditions of Pretrial Release

Name of Defendant: John Earle Sullivan          Docket Number:   2:21-00014M-001

Name of Judicial Officer:     Honorable Daphne A. Oberg
U.S. Magistrate Judge

Date of Release:     January 15, 2021

---

## PETITIONING THE COURT

To issue a Summons: ███████████████████████

---

## CAUSE

The probation officer believes that the defendant has violated the conditions of supervision as follows:

**Allegation No. 1:** On or about January 17, 2021, the defendant failed to comply with the provisions outlined in Appendix A - Limited Internet Access (Computer and internet use, as approved) of the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program.

Evidence in support of this allegation is contained in the reports of the Pretrial Services Office.

**Allegation No. 2:** On or about January 18, 2021, the defendant failed to comply with the provisions outlined in Appendix A - Limited Internet Access (Computer and internet use, as approved) of the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program.

Evidence in support of this allegation is contained in the reports of the Pretrial Services Office.

**Allegation No. 3:** On or about January 19, 2021, the defendant failed to comply with the provisions outlined in Appendix A - Limited Internet Access (Computer and internet use, as approved) of the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program.

Evidence in support of this allegation is contained in the reports of the Pretrial Services Office.

**Allegation No. 4:** On or about January 26, 2021, the defendant failed to comply with the provisions outlined in Appendix A - Limited Internet Access (Computer and internet use, as approved) of the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program.

Evidence in support of this allegation is contained in the reports of the Pretrial Services Office.

John Earle Sullivan
2:21-00014M-001

I declare under penalty of perjury that the foregoing is true and correct.

By    Josh Cahoon
U.S. Pretrial Services Officer
Date: January 27, 2021

**THE COURT ORDERS:**

☑ The issuance of a Summons
☐ The issuance of a Warrant
☐ No action
☐ Other: _____

Honorable Daphne A. Oberg
U.S. Magistrate Judge

Date:  **January 27, 2021**

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Mary C. Corporon (mary.corporon@chrisjen.com,
michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com), Jonathan T. Nish
(jessica.parker@chrisjen.com, jonathan.nish@chrisjen.com, stephanie.smith@chrisjen.com),
Bryan N. Reeves (bryan.reeves@usdoj.gov, caseview.ecf@usdoj.gov, kirby.herron@usdoj.gov),
Pretrial Noticing (utpml_pretrialnoticing@utp.uscourts.gov), Magistrate Judge Daphne A.
Oberg (daphne_oberg@utd.uscourts.gov, emily_howe@utd.uscourts.gov,
mary_dewey@utd.uscourts.gov, utdecf_oberg@utd.uscourts.gov)
--Non Case Participants: Probation Office - Pretrial (utp_ecfnotice@utp.uscourts.gov,
utpml_pts_ecf@utp.uscourts.gov)
--No Notice Sent:

Message-Id:4708255@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00014-DAO USA v. Sullivan Order Setting Hearing or Trial
Content−Type: text/html
```

**If you need assistance, call the Help Desk at (801)524−6100.**

### US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 1/29/2021 at 7:31 AM MST and filed on 1/29/2021

| | |
|---|---|
| **Case Name:** | USA v. Sullivan |
| **Case Number:** | <u>2:21−mj−00014−DAO</u> |
| **Filer:** | |
| **Document Number:** | 15(No document attached) |

**Docket Text:**
**ORDER SETTING ZOOM HEARING OR TRIAL as to John Earle Sullivan. Pretrial Release Violation Hearing reset for 2/1/2021 at 03:00 PM in Judges Chambers before Magistrate Judge Daphne A. Oberg. Zoom information will be emailed to counsel and available on Judge Oberg's calendar the day before the hearing. Signed by Magistrate Judge Daphne A. Oberg on 1/29/2021.(las)**

**2:21−mj−00014−DAO−1 Notice has been electronically mailed to:**

Mary C. Corporon    mary.corporon@chrisjen.com, michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com

Jonathan T. Nish    jonathan.nish@chrisjen.com, jessica.parker@chrisjen.com, stephanie.smith@chrisjen.com

Bryan N. Reeves    bryan.reeves@usdoj.gov, CaseView.ECF@usdoj.gov, kirby.herron@usdoj.gov

Pretrial Noticing    UTPml_PretrialNoticing@utp.uscourts.gov

**2:21−mj−00014−DAO−1 Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Mary C. Corporon (mary.corporon@chrisjen.com,
michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com), Jonathan T. Nish
(jessica.parker@chrisjen.com, jonathan.nish@chrisjen.com, stephanie.smith@chrisjen.com),
Bryan N. Reeves (bryan.reeves@usdoj.gov, caseview.ecf@usdoj.gov, kirby.herron@usdoj.gov),
Pretrial Noticing (utpml_pretrialnoticing@utp.uscourts.gov), Magistrate Judge Daphne A.
Oberg (daphne_oberg@utd.uscourts.gov, emily_howe@utd.uscourts.gov,
mary_dewey@utd.uscourts.gov, utdecf_oberg@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4710562@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00014-DAO USA v. Sullivan Status Conference
```
Content−Type: text/html

**If you need assistance, call the Help Desk at (801)524−6100.**

**US District Court Electronic Case Filing System**

**District of Utah**

**Notice of Electronic Filing**

The following transaction was entered on 2/1/2021 at 4:01 PM MST and filed on 2/1/2021

| | |
|---|---|
| **Case Name:** | USA v. Sullivan |
| **Case Number:** | 2:21−mj−00014−DAO |
| **Filer:** | |
| **Document Number:** | 16(No document attached) |

**Docket Text:**
 Minute Entry for proceedings held before Magistrate Judge Daphne A. Oberg: Status Conference as to John Earle Sullivan held on 2/1/2021. All parties are appearing via zoom. Defendant waives his right to be personally present for this hearing. The parties convened for the a pretrial release violation hearing. The court heard argument as to whether the allegations should be heard in the D.C. court as opposed to here. In light of the fact that Mr. Sullivan has his initial appearance set for February 4 in D.C. the court finds the pretrial violations should be addressed in D.C. If for some reason the hearing on the 4th does not take place the court will hold a violation hearing on February 8th 2021 at 4:00 pm. The petition will be addressed on the merits at that time. Attorney for Plaintiff: Bryan Reeves, Attorney for Defendant: Mary Corporon, Jonathan Nish, Retained. Probation Officer: Josh Cahoon. Court Reporter: Electronic−via Zoom.(Time Start: 3:00, Time End: 3:38, Room Chambers.) (las)

**2:21−mj−00014−DAO−1 Notice has been electronically mailed to:**

Mary C. Corporon    mary.corporon@chrisjen.com, michelle.yeates@chrisjen.com, tina.newbold@chrisjen.com

Jonathan T. Nish    jonathan.nish@chrisjen.com, jessica.parker@chrisjen.com,

stephanie.smith@chrisjen.com

Bryan N. Reeves    bryan.reeves@usdoj.gov, CaseView.ECF@usdoj.gov, kirby.herron@usdoj.gov

Pretrial Noticing    UTPml_PretrialNoticing@utp.uscourts.gov

**2:21−mj−00014−DAO−1 Notice has been delivered by other means to:**